UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS | Date | August 22, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIGATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Laurence Rosen | Jerome Fortinsky | |

**Proceedings:** **PLAINTIFFS' MOTION TO AUTHORIZE SERVICE ON UNSERVED DEFENDANTS LOCATED ABROAD PURSUANT TO FED R. CIV. P. 4(F)(3) OR ALTERNATIVELY PARTIALLY TO LIFT DISCOVERY STAY TO OBTAIN ADDRESSES TO SERVE DEFENDANTS WITH THE SUMMONS AND COMPLAINT** (Filed 7/14/2011)

**I.  INTRODUCTION & BACKGROUND**

On December 2, 2010, plaintiff Vinnie Apicella commenced this putative class action alleging violations of the Securities Exchange Act of 1934 against defendants China Education Alliance, Inc. ("CEU"); Xiqun Yu ("Yu"), CEU's chairman and chief executive officer; Zibing Pan ("Pan"), CEU's former chief financial officer; and Susan Liu ("Liu"), Pan's predecessor as CFO. The May 2, 2011 Consolidated Amended Complaint ("CAC") added four additional defendants: Chunqing Wang ("Wang"), Liu's predecessor as CFO; and James Hsu ("Hsu"), Lianzheng Zhang ("L. Zhang"), and Yizhao Zhang ("Zhang"), all of whom were non-executive directors of CEU.  CAC ¶¶ 28-33.

Plaintiffs have personally served the summons and complaint on two defendants: CEU, on January 6, 2011, and Hsu, on July 14, 2011. Mot. at 4; Opp. at 3. Plaintiffs further obtained an address for Yu from CEU for service in China. Mot. at 4. Despite significant research, however, plaintiffs have been unable to locate any of the remaining five defendants–Pan, Liu, Wang, L. Zhang, and Zhang (collectively the "Unserved Defendants")–all of whom purportedly live abroad. Mot. at 4; Yuxia Zhang decl. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS | Date | August 22, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIGATION | | |

Accordingly, on July 14, 2011, the lead plaintiffs filed the instant Motion to Authorize Service on Unserved Defendants Located Abroad Pursuant to Federal Rule of Civil Procedure 4(f)(3) or Alternatively Partially to Lift Discovery Stay to Obtain Addresses to Serve Defendants with the Summons and Complaint. Defendants filed their opposition to the motion on August 1, 2011, and the lead plaintiffs filed their reply to the opposition on August 8, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 4(f)(3)

Federal Rule 4(f) governs service of process outside the United States by authorizing service pursuant to international agreements such as the Hague Convention or, under subsection (3), "by other means not prohibited by international agreement, as the court orders." Fed R. Civ. P. 4(f)(1)-(3). In other words, "[a]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Rio Properties, Inc. V. Rio Intern. Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002).

Even if facially permitted under the rule, however, "a method of service of process must also comport with constitutional notions of due process," meaning "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 1016 (internal citations omitted); see also In re LDK Solar Sec. Lit., No. C 07-05182, 2008 WL 241518, *6 (N.D. Cal. June 12, 2008) (holding that individual defendant employees' constitutional rights were not violated when plaintiffs served a California-based subsidiary of a Chinese corporation rather than the individuals themselves).

### B. Private Securities Litigation Reform Act ("PSLRA")

The PSLRA, which imposes a discovery stay "during the pendency of any motion to dismiss," 15 U.S.C. § 78u-4(b)(3)(B), authorizes a court to lift the stay if such discovery "is necessary to preserve evidence or to prevent undue prejudice to th[e]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS | Date | August 22, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIGATION | | |

party." SG Cowen Sec. Corp. V. U.S. Dist. Ct. For the N. Dist. Of Cal., 189 F.3d 909, 911 (9th Cir 1999) (citations omitted).  "[U]ndue prejudice" requires "improper or unfair treatment amounting to something less than 'irreparable harm,' [such as an] improper or unfair treatment." Med. Imaging Ctrs. of Am. V. Liechtenstein, 917 F. Supp. 717, 720 (S.D. Cal. 1996).

The purpose of the discovery stay is to minimize plaintiffs' incentives to bring frivolous securities class actions in the hopes that either (1) corporate defendants will settle such actions rather than bear the high cost of discovery, or (2) discovery will reveal to the plaintiffs some sustainable claim not known or alleged in the original complaint. See SG Cowen, 189 F.3d at 912; In re WorldCom, Inc. Sec. Lit., 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002); Hufnagle v. RINO Int'l Corp., Inc., No. 10-cv-8695 VBF, 2011 WL 2650755 (C.D. Cal. July 6, 2011).

### III.   DISCUSSION

Despite extensive research, plaintiffs have been unable to locate the Unserved Defendants in order to serve them with the summons and complaint.  Accordingly, plaintiffs have sought relief from the Court.

Plaintiffs offer two bases for relief: first, they request that the Court authorize service of process on the Unserved Defendants via CEU's authorized agent pursuant to Fed R. Civ. P. 4(f)(3).  Mot. at 2.  Alternatively, plaintiffs request that the Court lift the discovery stay to allow plaintiffs to serve defendants with interrogatories which will elicit the whereabouts of the Unserved Defendants.  Id.  The Court will discuss each basis for relief in turn.

### A.    Fed R. Civ. P. 4(f)(3)

Plaintiffs argue that service on the Unserved Defendants through CEU's registered agent is appropriate under LDK's reasoning.  In In re LDK Solar Securities Litigation, which involved securities law claims against a Chinese company whose subsidiary had an office in California, the court permitted service pursuant to Rule 4(f)(3) on individual corporate officers by delivery of the summons and complaint to the California office of LDK.  LDK, No. C 07-05182 at *6.  The court held such service was constitutionally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-9239 CAS | Date | August 22, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIGATION | | |

permissible because "LDK trades on the New York Stock Exchange, its subsidiary is located in California, and the remaining defendants are all sophisticated officers, directors, or the Chinese subsidiary of LDK." Id.

Plaintiffs assert that if service at LDK's California office was constitutionally sufficient to apprise individual defendant employees of the litigation, so too should service on CEU's authorized agent be sufficient here. Mot. at 7. Plaintiffs further argue that "[s]ince CEU and one of its top officers are actively participating in this lawsuit there can be no doubt that the Unserved Individual Defendants–each a current or former officer or director of CEU–are aware of it." Id. at 6. Finally, plaintiffs contend that it is "reasonable to believe" that CEU would have current address information for all defendants, including its former employees, so that the agent would be able personally to serve each of them. Id. at 7.

Defendants distinguish LDK because "at the time of service [to LDK's California office,] all of the individual defendants were still affiliated with the company," whereas here, "none" of the Unserved Defendants currently works at CEU. Opp. at 7-8.[1] Defendants assert that authorizing service on CEU's agent would deprive the Unserved

---

[1] It is unclear whether two of the Unserved Defendants–L. Zhang and Zhang–do indeed still work for CEU. Plaintiffs assert that "as confirmed by CEU's own SEC filings," both defendants still work at CEU. Reply at 2. Conversely, defendants authoritatively assert that "*none of* [the five Unserved Defendants] *is currently employed by CEU*," which is echoed in Xiqun Yu's declaration. Opp. at 1 (emphasis in original); Yu Decl. ¶ 4. However, later in their opposition, defendants cryptically state that "CEU no longer has any affiliation with three of the Unserved Defendants . . . and, based on a search of its personnel files, CEU has not been able to locate residential addresses for *any* of the Unserved Defendants." Opp. at 8. Defendants later made the same distinction between "employment" and "affiliation" by stating "none of the Unserved Defendants is a current employee of CEU and three of them have no current affiliation with CEU." Defendants' ambiguous statements make it difficult to know L. Zhang and Zhang's current employment status with CEU. This discrepancy is largely irrelevant, however, because the relief granted herein is premised on the PSLRA and not Fed R. Civ. P. 4(f)(3). See infra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS | Date | August 22, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIGATION | | |

Defendants of their due process rights because such service would not be "reasonably calculated" to reach the individuals in light of their severed ties with CEU. Id. at 10.

The Court finds that authorizing plaintiffs to serve the Unserved Defendants–who apparently no longer work at CEU–through the company's agent presents a potential due process problem, because there is no guarantee the agent will actually serve each defendant or that each defendant is actually aware of the litigation. In other words, due to this uncertainty, plaintiffs' requested method of service is not "reasonably calculated" to apprise each individual of the pending litigation. Rio Properties, 284 F.3d at 1016. Unlike the individuals in LDK who all still worked at the company, none of the Unserved Defendants appears to be employed by CEU. Under these circumstances, it would be difficult to ensure compliance with due process concerns. It is irrelevant whether it would be "easy" for CEU's agent to deliver process to each individual; the inquiry is whether the service is constitutionally "reasonably calculated" to reach these defendants, and without any apparent affiliation between the individuals and CEU, this Court cannot simply rely on the agent to deliver the summons and complaint. Accordingly, the Court proceeds to consider plaintiffs' arguments under the PSLRA.

### B. PSLRA Discovery Stay

Plaintiffs argue that the Court should temporarily lift the discovery stay "for the limited purpose of granting Plaintiffs' interrogatories that merely request information to arrange for service of process against Unserved Defendants." Mot. at 8. Without lifting the stay, plaintiffs contend, they will suffer undue prejudice "of having to respond to the same motions twice, and being subjected to the discovery stay twice, or even more often if the Unserved Defendants stagger their appearances to trigger overlapping discovery stays." Id. at 11. Furthermore, due to defendants' self-consuming insurance policy, plaintiffs "may be forced to determine that an early settlement that absolves the [China]-based defendants of liability is in the interests of the class" which would "insulate the [China]-based defendants from personal liability, despite their egregious fraud." Id. Plaintiffs would therefore "suffer the unfair detriment of having to abandon meritorious claims against culpable defendants" in an effort to preserve sufficient assets for the class. Id.

Plaintiffs further contend that this type of limited discovery does not run afoul of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS | Date | August 22, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIGATION | | |

the PSLRA's purposes of preventing frivolous lawsuits and "fishing" expeditions. Plaintiffs seek each defendant's address for the sole purpose of serving summons and the complaint on said individuals. Id. at 7. According to the plaintiffs, this limited information "will not allow plaintiffs to assert additional claims against them, and defendants will face no burden in complying with this discovery request." Id. at 9.

Finally, plaintiffs argue that the decision in Hufnagle should be instructive here. In Hufnagle, a securities class action brought against a Chinese corporation and several individual corporate officers, plaintiffs sought to lift the discovery stay for the limited purpose of serving interrogatories to ascertain the individual defendants' locations. Hufnagle, No. 10-cv-8695 at *1-2. The court found that "the discovery sought here is necessary to prevent undue prejudice to Plaintiff–i.e., a substantial delay in this lawsuit that might ultimately result in a defendant escaping liability," and accordingly lifted the stay. Id. at *3. Plaintiffs assert that the present facts are "indistinguishable" from the facts of Hufnagle. Mot. at 11.

Defendants respond that plaintiffs will suffer no undue prejudice if the discovery stay is left intact, "[b]ecause any stay of discovery necessarily inflicts some degree of prejudice" and that only "undue" prejudice provides grounds for lifting the stay. Opp. at 12. Defendants note that filing the action eliminated any statute of limitations problem and that the procedural rule requiring all defendants to be served within 120 days of commencing the action does not apply to foreign defendants. Id. at 13-14. Defendants finally argue that the "PSLRA does not authorize stay relief solely on grounds that the relief would not frustrate the goals of the PSLRA," meaning plaintiffs' argument about the limited nature of discovery is irrelevant absent a showing of "undue prejudice." Id. at 16.

The Court finds that plaintiffs would suffer undue prejudice if the stay is not lifted. Specifically, the undue prejudice is "a substantial delay in this lawsuit that might ultimately result in a defendant escaping liability notwithstanding [plaintiffs'] ability to state a claim against [each] defendant even without the discovery." Hufnagle, No. 10-cv-8695 at *3. As in Hufnagle, the plaintiffs here wish to discover only the locations of the Unserved Defendants. Plaintiffs are not attempting to use discovery to force CEU to settle or as a fishing expedition, the two rationales behind the PSLRA's automatic stay. Id. at *3; cf. SG Cowen, 189 F.3d at 912 (refusing to lift the stay because plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS | Date | August 22, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIGATION | | |

sought discovery to satisfy PSLRA's pleading requirements which amounted to a fishing expedition). Instead, plaintiffs seek to inquire as to the location of the Unserved Defendants simply so they can serve them with the summons and complaint. Shielding this information from plaintiffs amounts to undue prejudice, especially because (1) the plaintiffs unsuccessfully used a variety of non-discovery tools in an attempt to locate the individuals, and (2) it is likely that CEU could easily provide this information to plaintiffs. Accordingly, the Court lifts the discovery stay for the limited purpose of permitting plaintiffs to serve narrowly-tailored interrogatories designed to ascertain the whereabouts of each of the Unserved Defendants. These interrogatories are limited to inquiring about each Unserved Defendant's home address and Chinese-given identification number.

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' motion to lift the PSLRA discovery stay for the limited purposes herein stated.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS | Date | August 22, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIGATION | | |