UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **"O"** |
|---|---|---|---|
| Case No. | CV 10-9239 CAS (JCx) | Date | December 29, 2011 |
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SEC. LIT. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:) PLAINTIFFS' MOTION TO AUTHORIZE SERVICE OF PROCESS PURSUANT TO RULE 4(f)(3) AND MOTION FOR SANCTIONS** (filed 10/31/2011)

## I.     INTRODUCTION & BACKGROUND

On December 2, 2010, plaintiff Vinnie Apicella commenced this putative class action, as amended May 2, 2011, alleging violations of the Securities Exchange Act of 1934 against defendants China Education Alliance, Inc. ("CEU"); Xiqun Yu ("Yu"); Zibing Pan ("Pan"); Chunqing Wang ("Wang"); James Hsu ("Hsu"); Lianzheng Zhang ("L. Zhang"); and Yizhao Zhang ("Zhang").

On July 14, 2011, plaintiffs filed a motion to authorize service on Pan, Liu, Wang, L. Zhang, and Zhang (collectively the "Unserved Defendants") pursuant to Federal Rule of Civil Procedure Rule 4(f)(3) or, alternatively, to lift the Private Securities Litigation Reform Act ("PSLRA") discovery stay.  On August 22, 2011, the Court granted plaintiffs' motion and lifted the PSLRA stay for the limited purpose of permitting plaintiffs to serve narrowly-tailored interrogatories designed to ascertain the whereabouts of each of the Unserved Defendants.  See Dkt. No. 47 at 7.  The Court declined to authorize plaintiffs' service on the Unserved Defendants under Rule 4(f)(3) via CEU's domestic agent because the Court could not ascertain whether any of the Unserved Defendants remained affiliated with CEU.  Id. at 5.  The Court found that this uncertainty presented a potential due process problem because authorizing such service was not "reasonably calculated" to apprise the Unserved Defendants of the pending litigation.  Id.

Plaintiffs served an interrogatory on defendants on August 24, 2011.  On September 18, 2011, CEU held its annual shareholders meeting.  Declaration of Jonathan Horne ("Horne Decl.") ¶ 5, Exh. 2 (CEU press release).  At the meeting, L. Zhang and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     **"O"**

| Case No. | CV 10-9239 CAS (JCx) | Date | December 29, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SEC. LIT. | | |

Zhang were reelected as directors of CEU, to serve until at least 2013.  Id.  On September 27, 2011, CEU served its response to plaintiffs' interrogatory, which stated: "based upon information now available and known to it based upon a review of CEU's records . . . CEU is without knowledge" as to L. Zhang or Zhang's Chinese Identity Numbers or residential addresses.  Id. Exh. 3 at 5–6 (responses to interrogatory).

In light of CEU's responses and the press release stating that L. Zhang and Zhang remained corporate directors of CEU, plaintiffs filed the instant motion on October 31, 2011, to authorize service as to L. Zhang and Zhang pursuant to Rule 4(f)(3) and for sanctions against all defendants.  Defendants filed their opposition on November 28, 2011, and plaintiffs filed their reply on December 5, 2011.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) governs service of process outside the United States by authorizing service pursuant to international agreements such as the Hague Convention or, under subsection (3), "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1)–(3).  In other words, "[a]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country."  Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002).

Even if facially permitted under the rule, however, "a method of service of process must also comport with constitutional notions of due process," meaning "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  Id. at 1016 (internal citations omitted); see also In re LDK Solar Sec. Lit., No. CV 07-5182, 2008 WL 241518, *6 (N.D. Cal. June 12, 2008) (holding that an individual defendant employees' constitutional rights were not violated when plaintiffs served a California-based subsidiary of a Chinese corporation rather than the individuals themselves).

## III.    DISCUSSION

Plaintiffs contend that "as to defendants L. Zhang and Zhang, service may constitutionally be made through service on CEU's counsel."  Mot. at 6.  Plaintiffs base

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **"O"**

| Case No. | CV 10-9239 CAS (JCx) | Date | December 29, 2011 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SEC. LIT. | | |

this contention on the fact that, contrary to previous representations, CEU "no longer takes the position that L. Zhang and Zhang are not affiliated with CEU." Id. at 7. Thus, plaintiffs argue this case now "falls squarely within LDK." Id. (citing LDK, 2008 WL 2415186 at *4). Further, plaintiffs contend that defendants have engaged in sanctionable conduct by lying under oath and failing to comply with the Court's August 22, 2011, order. Id. at 8–13.

In opposition, defendants argue that "plaintiffs' counsel are pursuing this motion for strategic reasons unrelated to this case and therefore judicial intervention is not necessary." Opp'n at 6–9 (alterations omitted). Specifically, defendants contend that they have received Zhang's consent to service through CEU, effectively mooting plaintiffs' motion. Id. at 7–8. Further, defendants contend that service on CEU via postal channels would be "prohibited by the Hague Convention as adopted by China" because service would have to be effected through postal channels in China. Id. at 9–10. Defendants further argue that the Court has no basis for awarding sanctions against CEU because plaintiffs' motion is procedurally improper and CEU complied with its obligations under Rule 33 in responding to plaintiffs' interrogatory. Id. at 11–22. Finally, defendants argue that the Court should "award costs to CEU" because of "plaintiffs' failure to follow the proper procedures for seeking discovery sanctions. . . ." Id. at 22–23.

The Court finds that authorizing service on L. Zhang and Zhang via CEU is permissible under Rule 4(f)(3) in light of newly revealed circumstances—namely, that L. Zhang and Zhang are confirmed current directors of CEU. This case thus falls squarely within the reasoning of LDK in which the court authorized service on a domestic agent of a China-based corporation:

> Serving the remaining six defendants through the California office is reasonably calculated, under these circumstances, to apprise them of the pendency of the action and afford them with the opportunity to respond. After all, LDK trades on the New York Stock Exchange, its subsidiary is located in California, and the remaining defendants are all sophisticated officers, directors, or the Chinese subsidiary of LDK.

LDK, 2008 WL 2415186 at *4

The same is true here: CEU trades on the New York Stock Exchange, it maintains a registered domestic agent for service of process, and L. Zhang and Zhang are directors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | CV 10-9239 CAS (JCx) | Date | December 29, 2011 |
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SEC. LIT. | | |

of CEU.  Thus, authorizing service on L. Zhang and Zhang via CEU pursuant to Rule 4(f)(3) is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Rio, 284 F.3d at 1016.  Accordingly, plaintiffs' motion to authorize service on L. Zhang and Zhang via CEU under Rule 4(f)(3) is GRANTED.[1]

## IV.    CONCLUSION

In accordance with the foregoing, plaintiffs' motion is GRANTED insofar as it requests relief under Rule 4(f)(3).  The Court defers the question of whether and to what extent sanctions are appropriate against defendants until the conclusion of this litigation. The Court declines to award costs to defendants in connection with this motion.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1]The Court is unpersuaded by defendants' contention that judicial intervention is unnecessary.  Although CEU has obtained Zhang's consent to accept service on his behalf, defendants admit they have not obtained L. Zhang's consent for the same. Further, the Court finds defendants' argument that authorizing service would offend the Hague Convention unavailing.  CEU itself was served via its registered domestic agent, and such service on behalf of individual director defendants is also permissible under Rule 4(f)(3).  See LDK, 2008 WL 2415186 at *3; see also Rio, 284 F.3d at 1014–1016.