UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANT HSU'S MOTION TO DISMISS (filed 1/10/2012)

**DEFENDANTS LIANSHENG ZHANG AND YIZHAO ZHANG'S MOTION TO DISMISS** (filed 2/13/2012)

## I.     INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 9, 2012 is vacated, and the matter is hereby taken under submission.

On December 2, 2010, plaintiff Vinnie Apicella commenced this putative class action alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. ("the Exchange Act"), against defendants China Education Alliance, Inc. ("CEU"); Xiqun Yu ("Yu"), CEU's chairman and chief executive officer; Zibing Pan ("Pan"), CEU's former chief financial officer; and Susan Liu ("Liu"), Pan's predecessor as CFO. The May 2, 2011 Consolidated Amended Complaint ("CAC") added four additional defendants: Chunqing Wang ("Wang"), Liu's predecessor as CFO; James Hsu ("Hsu"), Lianzheng Zhang ("L. Zhang"), and Yizhao Zhang ("Y. Zhang"), all of whom were non-executive directors of CEU. The CAC alleged two claims for relief: (1) violation of § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240) against all defendants, and (2) violation of § 20(a) of the Exchange Act against all individual defendants. Plaintiffs allege that the class period ran from May 15, 2008, through December 7, 2010 (the "Class Period"). CAC ¶ 3. The gravamen of plaintiffs' complaint is that CEU, a Chinese company doing business in the United States, fraudulently maintained two sets of accounting books in violation of securities laws: an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

accurate set filed with Chinese authorities, and a false set filed with the Securities and Exchange Commission.

On October 11, 2011, the Court denied CEU's motion to dismiss the CAC, finding that plaintiffs had adequately alleged a claim under § 10(b) of the Private Securities Litigation Reform Act ("PSLRA"). Dkt. No. 61 at 10. On November 14, 2011, the Court granted Hsu's motion to dismiss without prejudice. Specifically, as to the § 20(a) claim, the Court concluded that plaintiffs' allegations that Hsu maintained a position on CEU's audit committee was insufficient, standing alone, to support the inference that he had "actual authority over the preparation and presentation to the public of [CEU's] financial statements." Dkt. No. 78 at 11 (quoting S.E.C. v. Todd, 642 F.3d 1207, 1223 (9th Cir. 2011)). Accordingly, on December 5, 2011, plaintiffs filed a Consolidated Second Amended Complaint ("SAC"). The SAC alleges the same two claims for relief as the CAC, but asserts violation of § 10(b) against only CEU, Yu, Pan, Liu, and Wang.

Hsu filed a motion to dismiss the § 20(a) claim on January 10, 2012, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs filed their opposition on February 1, 2012, and Hsu filed his reply on February 17, 2012. Defendants L. Zhang and Y. Zhang (collectively the "Zhang Defendants") filed a separate motion to dismiss the § 20(a) claim on February 13, 2012. Plaintiffs filed an opposition on March 5, 2012, and the Zhang Defendants filed their reply on March 26, 2012. The Court consolidated the motions for a simultaneous hearing on April 9, 2012. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   DISCUSSION

Section 20(a) of the Exchange Act provides:

Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

To state a claim for "control person liability" under § 20(a), a plaintiff must allege: (1) a primary violation of the federal securities laws, and (2) facts showing that the defendant exercised actual power or control over the primary violator. Howard v. Everex Sys., Inc., 228 F.3d 1057, 1065 (9th Cir. 2000). The SEC defines "control" as "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 230.405. Indicia of control "include whether the person managed the company on a day-to-day basis and was involved in the formulation of financial statements, which is sufficient to 'presume control over the transactions giving rise to the alleged securities violation.'" S.E.C. v. Todd, 642 F.3d 1207, 1223 (9th Cir. 2011) (quoting Howard, 229 F.3d at 1065)).

Here, the Court previously found that plaintiffs adequately pled a primary violation of federal securities law. See Dkt. No. 61 at 10. Accordingly, the only remaining question is whether plaintiffs have sufficiently pled that Hsu, L. Zhang, and/or Y. Zhang exercised actual power or control over the day-to-day operations of CEU. Each motion is discussed in turn.[1]

---

[1] As mentioned, Hsu previously filed a motion to dismiss which the Court granted without prejudice. Dkt. No. 78. This is the Zhang Defendants' first motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

### A. Whether Plaintiffs Have Sufficiently Pled a § 20(a) Claim Against Hsu

In previously dismissing the § 20(a) claim as against Hsu, the Court concluded that "the weight of the case law requires [] something beyond mere membership on an audit committee to show control." Dkt. No. 78 at 11. Because plaintiffs had only pled that Hsu was a member on the audit committee and had signed CEU's SEC filings, the Court dismissed the claim. Id. at 12.

In paragraph 29 of the SAC, plaintiffs identify Hsu as "a Director of the Company and member of the Audit Committee" who "had control and material involvement in the Company's financial and business affairs." SAC ¶ 29. It further avers the following facts in support of Hsu's alleged control over CEU's operations:[2]

a.  Hsu had extensive knowledge and involvement in CEU's operations. CEU relied on Hsu's prior business experience and acumen to advise CEU and assist it in making important corporate decisions. According to a letter CEU filed with the SEC, dated June 8, 2010 (the "June 2010 Letter"), during at least the fiscal year end[ing in] December 31, 2009, CEU relied on HSU's prior executive experience as president of another educational company; and thus relied on Hsu to have "Extensive knowledge of [CEU's] business." The only other person CEU relied on to have extensive knowledge of CEU's business is defendant CEO Yu.

b.  Hsu was involved in and had knowledge of the Company's on-line business and website—the portion of the Company's business that purportedly generated the majority of CEU's purported sales. The June 2010 Letter also identifies Hsu's prior experience as a founder of an information technology company, and noted that the CEU relied on this prior "Marketing/Marketing related technology experience" of Hsu. The only other person identified in this category is defendant CEO Yu.

---

[2] All other averments as to Hsu's responsibilities remain identical in the SAC. Compare CAC ¶¶ 29, 44, 62, and 81 with SAC ¶¶ 29, 44, 62, and 81.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

    c.    CEU relied on Hsu's prior chief executive experience. The June 2010 Letter states that CEU relied on Hsu's prior experience as a founder of two companies, to advise the Company on similar executive level matters.

    d.    CEU relied on Hsu's prior [Chinese] regulatory experience. The June 2010 Letter that CEU relied on Hsu's prior experience regulatory experience in connection with founding a company which promotes cultural exchange between the U.S. and [China].

    e.    Hsu also acted as the Company's contact with its independent auditors during the Class Period, and had actual control and authority over the Company's financial accounting and reporting. For example, on December 17, 2007, Hsu, on behalf of the audit committee, wrote (and signed) a letter to CEU's then auditor Murrell, Hall, McIntosh & Co. PLLP, advising it that it was terminated as CEU's auditor.

Id. ¶ 29(a)–(e) (alterations omitted).

    Hsu argues that these allegations "still do[] not allege facts showing that Hsu personally possessed the requisite level of control over CEU" to maintain a § 20(a) claim against him. Dkt. No. 90, Mot. at 12. As to the alleged December 17, 2007 letter sent by Hsu on behalf of the audit committee to CEU's auditor, Hsu argues that because the Exchange Act "expressly charges every audit committee of a public company" with the responsibility of dealing with the company's outside auditor, such responsibility does not demonstrate authority over CEU's day-to-day operations. Id. at 14 (citing 15 U.S.C. § 78j-l(m)(2)). Further, Hsu argues that CEU's Audit Committee Charter expressly states that "it is not the duty of the Audit Committee to plan or conduct audits or to determine that the Corporation's financial statements are complete and accurate and are in accordance with generally accepted accounting principles." Id. at 15–16 (quoting Declaration of Jerome Fortinsky ("Fortinsky Decl."), Exh. A at 8. Finally, Hsu asserts that the December 2007 letter, the "sole basis on which the plaintiffs allege that Hsu had any interaction with the auditor," predates the putative class period which begins on May 15, 2008. Dkt. No. 90, Mot. at 16. As to the June 2010 Letter, Hsu asserts that it "says nothing at all about Hsu's involvement in any matters relating to CEU" and was written in response to an SEC inquiry as to CEU's 2009 10-K form. Id. at 18. According to Hsu,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

the June 2010 Letter simply explains why Hsu was qualified to serve as a CEU director based on his past qualifications. Id. at 19.

In opposition, plaintiffs assert that the June 2010 Letter, which sets forth Hsu's qualifications to serve on CEU's board, "explicitly states that each attributed category is 'a specific area of focus or expertise of [a] director on which the board currently relies,'" meaning those qualifications must bear on Hsu's activities as a director of CEU. Dkt. No. 102, Opp'n at 4. According to plaintiffs, those qualifications, "when considered holistically with Hsu's duties as a member of the audit committee, . . . his signature on the offending SEC filings, . . . and Hsu acting as the Company's contact with its independent auditors and having actual control over the CEU's auditors and financial accounting and reporting" leads to the reasonable inference that Hsu had the power to manage CEU. Id. at 7. Further, plaintiffs contend that because the Audit Committee Charter states that the Audit Committee is responsible for the audits of CEU and its subsidiaries, Hsu would have been aware of the alleged "second set of books" kept by CEU's subsidiaries. Id. at 7–8 (citing South Ferry, LP No. 2 v. Killinger, 542 F.3d 776, 784 (9th Cir. 2008) (holding that federal courts need not ignore common sense when examining circumstances probative of securities fraud claims)). Finally, plaintiffs argue that "the magnitude of the fraud" implicates Hsu in the alleged securities violations. Id. at 8.

The Court finds that plaintiffs' allegations state a claim for control person liability against Hsu. The Court previously directed plaintiffs to plead facts to support the allegation that Hsu participated or controlled the day-to-day operations of CEU beyond Hsu's membership on CEU's audit committee. In the SAC, plaintiffs allege that Hsu wrote and signed the December 2007 letter on behalf of the audit committee terminating CEU's outside auditor. Although "appoint[ing], compensat[ing], and over[seeing] the work of any registered public accounting firm . . . and each such registered public accounting firm shall report directly to the audit committee" is a responsibility charged to any company's audit committee, see 15 U.S.C. § 78j-l(m)(2), the fact that Hsu allegedly wrote and signed the form on behalf of the audit committee leads to the inference that his responsibilities were greater than that of a mere committee member. See, e.g., Dean v. China Agritech, Inc., 2011 WL 5148598, at *6 (C.D. Cal. Oct. 27, 2011) (denying motion to dismiss § 20(a) claim against the alleged chairperson of the defendant's audit committee because, as chairperson, it "is a reasonable inference" that the individual was involved with the "creation or approval" of the defendant's financial statements).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

Because "[w]hether the defendant is a controlling person is an intensely factual question," the Court concludes that plaintiffs' allegations regarding the December 2007 letter are sufficient to withstand a motion to dismiss. S.E.C. v. Todd, 642 F.3d 1207, 1223 (9th Cir. 2011).[3]

Hsu's motion is therefore DENIED.

### B. Whether Plaintiffs Have Sufficiently Pled a § 20(a) Claim Against L. Zhang and Y. Zhang

Plaintiffs allege that L. Zhang joined CEU in 2007 as a director and served as a member on CEU's audit committee. SAC ¶ 30. Plaintiffs also allege that L. Zhang "had control and material involvement" in CEU's business because "[a]ccording to the June 2010 Letter, CEU relied on L. Zhang's prior expertise and experience dealing with the [Chinese] government, in advising and directing CEU's business and affairs." Id. Plaintiffs allege no additional facts to support L. Zhang's control person liability.

Plaintiffs allege that Y. Zhang, "a CPA licensed in Delaware," was a director of CEU and served as chairperson of the audit committee upon joining the company in June 2009. SAC ¶ 31. Plaintiffs further allege the following with regard to Y. Zhang:

> a. CEU relied on [Y.] Zhang's purported "expertise" with other Chinese companies [l]isted in the U.S. Zhang joined CEU with much fanfare. In a June 19, 2009 announcement, CEU touted Zhang['s] prospective involvement with CEU and Zhang's expertise in related corporate governance and financial reporting . . . .Interestingly, Zhang was CFO of Universal Travel Group, Inc. ("UTA") until August 16, 2010. Zhang also served as Director of China Green Agriculture, Inc. ("CGA"). Both companies are notorious reverse merger Chinese company frauds. UTA's stock has been halted by the NYSE AMEX since April 2011 on allegations

---

[3]The Court is unpersuaded by Hsu's contention that the December 2007 letter should not be considered because it was written and signed prior to the commencement of the putative class period. It is reasonable to infer that Hsu maintained his responsibilities throughout his tenure at CEU.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

       of multi-year accounting fraud. UTA is subject to formal SEC investigation. CGA [is] likewise subject to allegations of multi-year accounting fraud. CGA is also subject to [an] SEC investigation relating to allegations of accounting fraud.

   b.   CEU identifies Zhang as its "Audit Committee Financial Expert." Concurrent with his appointment as Director, Zhang was appointed and identified under SEC rules as CEU's "Audit Committee Financial Expert" in the Company's SEC filings.

   c.   CEU relied on Zhang to "have [a] high level of financial literacy." According to the June 2010 Letter, CEU relies on Zhang's "[more than] 13 years of experience in accounting and internal control, corporate finance, and portfolio management" in connection with the Company's financial affairs and reporting. Zhang is the only person CEU relies on to "have [a] high level of financial literacy."

   d.   CEU relied on Zhang's chief executive/president or like experience. [Based on the] June 2010 Letter citing Zhang's role as UTA's CFO and as Board member of CGA (and others), CEU relies on Zhang to advise the Company on similar executive level matters.

SAC ¶ 31(a)–(d) (alterations omitted).

      The Zhang Defendants argue that these allegations are insufficient to maintain a § 20(a) claim against either L. Zhang or Y. Zhang. Dkt. 103, Mot. at 15. According to the Zhang Defendants, the June 2010 Letter, upon which plaintiffs chiefly rely, must be read in the context in which the letter was issued; namely, in response to the SEC's inquiry concerning CEU's 2009 10-K. Id. at 16. As Hsu argued in his motion to dismiss, the Zhang Defendants contend that the June 2010 Letter merely lists the prior work experience of CEU's directors in order to demonstrate to the SEC why each individual was hired to serve as a director of CEU. Id. at 17. Thus, the Zhang Defendants contend that it is unreasonable to infer their day-to-day control over CEU's operations based on a letter that simply lists their qualifications. Id. at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

In opposition, plaintiffs mainly focus on whether the allegations are sufficient as against Y. Zhang. Specifically, plaintiffs contend that Y. Zhang not only served on the Audit Committee, but he was the chairperson. Dkt. No. 111, Opp'n at 5. Further, plaintiffs assert that because Y. Zhang holds a CPA and was designated as the "Audit Committee Financial Expert," it is reasonable to infer that he controlled CEU's finances. Id. at 6–7. As to L. Zhang, plaintiffs argue that he is a control person "[f]or similar reasons" as Y. Zhang "because the Court can infer that L. Zhang reviewed CEU's second set of books" and that he "ignored" the falsity of those books in recommending that CEU file the allegedly false financial statements with the SEC. Id. at 8.

The Court finds that the allegations against L. Zhang are insufficient to maintain a § 20(a) claim against him. Unlike plaintiffs' allegations with regard to Hsu, the only fact plaintiffs rely on to plead control person liability against L. Zhang is the June 2010 letter. However, that letter was written in response to a May 25, 2010 letter from the SEC requesting disclosure, pursuant to Item 401(e) of SEC Regulation S-K, of "the specific experience, qualifications, attributes or skills that led the board of directors to conclude that [each individual CEU director] should serve as a director for the company." Fortinsky Decl., Exh. C at 12, 19. The letter merely lists L. Zhang's experience at companies other than CEU that qualified him to serve as a CEU director. Id. at 20. It says nothing of L. Zhang's responsibilities with regard to CEU's day-to-day operations. Accordingly, the letter does not salvage plaintiff's § 20(a) claim against L. Zhang and must be dismissed. Strassman v. Fresh Choice, Inc., 1995 WL 743728, at *13 (N.D. Cal. Dec. 7, 1995) (finding that "[b]y definition, outside directors do not participate in the corporation's day-to-day affairs"); Everex, 228 F.3d at 1067 n.13 (affirming dismissal of § 20(a) claim against a director who had a "general level of control" and "reviewed and approved" the company's financial statements because there were no allegations demonstrating that he was "active in the day-to-day affairs" of the company); Batwin, 2008 WL 2676364 at *25.

Accordingly, the Zhang Defendants' motion is GRANTED as to L. Zhang. Because plaintiffs have not had an opportunity to amend their allegations against L. Zhang, dismissal is without prejudice.

However, the Court finds that the SAC adequately alleges a claim for control person liability against Y. Zhang. As this Court previously ruled in Batwin, allegations that two plaintiffs "control[led] the Audit Committee" were sufficient to establish a prima

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9239 CAS (JCx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | IN RE CHINA EDUCATION ALLIANCE, INC. SECURITIES LITIG. | | |

facie case of control person liability. 2008 WL 2676364 at *25 (citing In re Nature's Sunshine Prods. Sec. Litig., 486 F. Supp. 2d 1301, 1314 (D. Utah 2007)). Here, plaintiffs allege that Y. Zhang was the chairperson of CEU's Audit Committee. See SAC ¶ 31. As such, plaintiffs have adequately pled a § 20(a) claim against Y. Zhang. See also Dean, 2011 WL 5148598 at *6 (denying motion to dismiss § 20(a) claim because "[i]t is a reasonable inference that as chair of the audit committee, Bennett was involved with the creation or approval of the financial statements included in Agritech's SEC 10-Q and 10-K filings"). The Zhang Defendants' motion is therefore DENIED as to Y. Zhang.

## IV.   CONCLUSION

In accordance with the foregoing, Hsu's motion to dismiss is DENIED. The Zhang Defendants' motion to dismiss is GRANTED without prejudice as to L. Zhang, and DENIED as to Y. Zhang. Plaintiffs shall have **twenty (20)** days to file an amended complaint to cure the deficiencies outlined herein.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |